NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOVEJEET SINGH; HARPREET KAUR; S.K., <br><br> Petitioners, <br><br> v. <br><br> JAMES R. McHENRY III, * Acting Attorney General, <br><br> Respondent. | No. 24-912 <br><br> Agency Nos. <br> A220-735-870 <br> A220-735-871 <br> A220-735-872 <br><br><br> MEMORANDUM** |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025***
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Lovejeet Singh, Harpreet Kaur, and their daughter S.K. (collectively

---

\* James R. McHenry III is substituted as Acting Attorney General pursuant to Fed. R. App. P. 43(c).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Petitioners") are natives and citizens of India. They seek review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of Singh's application for asylum under the firm resettlement bar.[1] *See* 8 U.S.C. § 1158(b)(2)(A)(vi). This court reviews a finding of firm resettlement for substantial evidence. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc) (citation omitted). Under the substantial evidence standard, this court "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's determination that the firm resettlement bar forecloses Singh's asylum eligibility. Under 8 U.S.C. § 1158(b)(2)(A)(vi), asylum is unavailable to any applicant who was "firmly resettled in another country prior to arriving in the United States." A noncitizen is considered to have been firmly resettled if, prior to arriving in the United States, they "entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent

_____

[1] Singh is the lead petitioner, and his wife and child are derivative beneficiaries on his asylum application. The lead petitioner also filed applications for withholding of removal and relief under the Convention Against Torture (CAT). However, Petitioners only seek review of the BIA's denial of their claim for asylum.

resettlement." 8 C.F.R. § 1208.15 (2020).[2] The government bears the initial burden of establishing through direct evidence (or indirect evidence if direct evidence is unavailable) that an offer of firm resettlement has been made. *See Maharaj*, 450 F.3d at 973, 976; *Matter of A-G-G-*, 25 I. & N. Dec. 486, 501 (B.I.A. 2011). Once DHS adduces such evidence, the burden shifts to the asylum applicant to demonstrate that no such offer was made or that an exception to the firm resettlement bar applies. *Matter of A-G-G-*, 25 I. & N. Dec. at 503.

Under our precedent, "a third country's offer of permanent resettlement may consist of providing a defined class of [noncitizens] a process through which they are entitled to claim permanent refuge." *Maharaj*, 450 F.3d at 977 (quoting *Elzour v. Ashcroft*, 378 F.3d 1143, 1152 (10th Cir. 2004)). In addition, a firm offer will exist where an applicant "is entitled to permanent resettlement and all that remains in the process is for the [noncitizen] to complete some ministerial act." *Id.* In other words, firm resettlement exists "if, instead of completing the process and accepting the offer of permanent resettlement to which the [noncitizen] is entitled,

---

[2] Prior to the BIA's decision, the Department of Justice amended 8 C.F.R. § 1208.15 in its Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80,274 (Dec. 11, 2020) ("Global Asylum Rule"). The Department is enjoined, however, from implementing the amended rule. *See Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 512 F. Supp. 3d 966, 969–70 (N.D. Cal. 2021). The prior version of the rule therefore governs the instant case.

the [noncitizen] chooses to walk away." *Id.*

Substantial evidence supports the BIA's determination that a firm resettlement offer was made to Singh. Prior to seeking asylum in this country, Singh lived in Spain for four years and was provided a Spanish resident card issued in 2020 that allowed his "residency in the country [to] be extended for an indefinite period." Although Singh's status was not the same as his wife's and child's long-term residency, his status entitled him to permanent residency so long as he remained in Spain until 2023 and completed the requisite ministerial tasks of filling out a form, providing a copy of his passport and current residence card, and furnishing a certificate of his criminal record.[3] But instead of completing the process of permanent resettlement, Singh "cho[se] to walk away." *Maharaj*, 450 F.3d at 977. Accordingly, the BIA correctly determined that Singh received an offer of firm resettlement and is therefore ineligible for asylum.

2. We reject Petitioners' claim that the BIA improperly relied on both direct and indirect evidence. Taken together, evidence of a renewable residence permit, Singh's testimony regarding his entitlement to long-term resident status, and evidence of Spanish law supporting that testimony is direct evidence sufficient in

---

[3] It has gone undisputed that Spanish law offered conversion from a temporary but renewable permit to long-term residency after living in Spain continuously for more than five years, and that long-term resident status would have permitted Singh's "indefinite" residence in Spain. *Maharaj*, 450 F.3d at 964.

and of itself to support the BIA's finding of an offer of firm resettlement, *see Matter of A-G-G-*, 25 I&N Dec. at 501–02, and the BIA properly considered such direct evidence in making its determination. Any additional consideration given to the government's proffered indirect evidence to buttress this conclusion was not error, and in any event, would not affect the outcome of the BIA's determination.[4]

**PETITION DENIED.**

---

[4] To the extent Singh suggests he is eligible to an exception to the firm resettlement bar, *see* 8 C.F.R. § 1208.15 (a), (b), his failure to offer any argument or analysis constitutes waiver of his claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).